IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| **ELIZABETH (LIZ) MATHEWS,** *individually* ) | |
| *and on behalf of all persons similarly situated* ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:22-cv-1407** |
| ) | |
| **USA TODAY SPORTS MEDIA GROUP,** ) | |
| **LLC, et al.,** ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

In this Fair Labor Standards Act (FLSA) case, Plaintiff Elizabeth (Liz) Mathews has filed a motion to "certify"[1] a collective conditionally. *See* Dkt. 18. Defendants oppose plaintiff's motion, arguing (i) that the FLSA does not authorize such collective "certifications," and accordingly, (ii) that either plaintiff's motion must be denied or that limited discovery is necessary before determining whether plaintiff has demonstrated that her proposed collective meets FLSA's "similarly situated" standard. This matter has been fully briefed and was argued orally on April 7, 2023. The matter was taken under advisement, and the parties were ordered to meet and confer regarding a discovery plan aimed at determining whether plaintiff is similarly situated to her proposed collective. After filing a joint discovery plan, the parties appeared for a status conference on April 14, 2023. Accordingly, this matter is ripe for disposition.

## I.

In this collective action under FLSA, 29 U.S.C. § 201, *et seq.*, plaintiff alleges that she and those similarly situated to her were misclassified as independent contractors rather than employees

---

[1] It is worth noting that the word "certify" does not appear in FLSA's text. *See* 29 U.S.C. § 216(b).

and are owed unpaid overtime.  For her part, plaintiff alleges that she was "employed," from January 2017 through August 2021, by Defendant USA Today Sports Media Group, LLC as a "Site Editor" for the "Seahawks Wire" website which is USA Today's website for the National Football League ("NFL") team known as the Seattle Seahawks.  Plaintiff brings this action on behalf of herself and "[a]ll current or former Site Editors who performed work in the United States for USA Today Sports Media Group within the past three years and who were classified as independent contractors."  Compl. ¶ 8.  Plaintiff filed her Complaint on December 8, 2022, and defendants timely filed an answer to the Complaint on February 1, 2023.[2]  The next day, plaintiff filed the instant Motion in which she seeks *conditional* "certification" of a collective.  Dkt. 18.  In support of that Motion, plaintiff submitted declarations from two other USA Today site editors: Matt Stevens and Tim Weaver.  Mathews, Stevens, and Weaver all allege:

- That USA Today "employed" them as site editors for various sports-team websites.

- That they each signed an "Editor Agreement" which classified them as independent contractors.

- That they were engaged in similar duties, such as writing, editing, and publishing sports-news articles regarding their respective teams; managing others; editing other people's articles; and making social media posts regarding articles they had written.

- That USA Today, per the "Editor Agreement," classified each of them as independent contractors and paid a flat monthly stipend, without overtime, that sometimes amounted to less than $7.25 per hour of work performed.

Defendants oppose the Motion.  To begin with, defendants submitted a declaration from Nate Scott, the Senior Director of USA Today's Sports Media Group, adding to the factual record and disputing several of plaintiff's allegations.  Specifically, Scott has declared that:

- USA Today's Sports Media Group operates various "Wire Sites" covering various NFL teams and National Basketball Association ("NBA") teams.

---

[2] The answer was timely because the assigned Magistrate Judge afforded defendants until February 1, 2023 to respond to the Complaint. *See* Dkt. 10.

- Generally, the content on the Wire Sites are short articles, similar to what is found on many sports blogs.

- Site Editors, such as Mathews, are expected to post links to other sites and to generate original content. Each Site Editor may decide the contours of that content, including how long each article is; how many articles to post; what time of day to post; whether to provide live game coverage; and the tone of each post.

- USA Today's Sports Media Group does not provide Site Editors with office space, does not track where or when Site Editors create content, does not track how much time the Site Editors spend on creating content, does not supply any tools, does not require Site Editors to receive scheduled feedback or performance reviews, does not assign supervisors to Site Editors, and does not prevent Site Editors from working for competitors.

- Several Site Editors have full-time or part-time employment elsewhere; being a Site Editor is only an additional source of income.

With those facts clarified, defendants argue that, as the Fifth Circuit has recognized, FLSA does not permit district courts to *conditionally* "certify" collectives. In defendants' view, rather, courts should determine whether a collective is similarly situated only once. And if it would aid in making the "similarly situated" determination, courts should authorize discovery at the threshold. Such discovery should be limited to whether the named plaintiff and the proposed collective are "similarly situated;" the remainder of discovery should occur *after* the court has determined whether plaintiff's proposed collective are all "similarly situated."

## II.

FLSA protects employees—not independent contractors—by establishing a minimum hourly wage, maximum work hours, and overtime compensation when employees work more than forty hours a week. *See* 29 U.S.C. § 206(a)(1), 207(a). The FLSA also provides that an employee may sue an employer for violations of the FLSA. *Id.* § 216(b). It further provides that an employee can bring such an action on behalf of herself an on behalf of "other employees similarly situated." *Id.* But beyond that, FLSA offers little guidance on determining whether groups of people are "similarly situated," or the procedures by which courts should designate collectives of similarly

3

situated people. The threshold question now at issue is whether it is appropriate to use a two-step collective-designation process. Plaintiff argues that such a process is appropriate. Rather than point to any provision from FLSA's text as evidence that FLSA authorizes this two-step process, plaintiff notes that the two-step process hails from the District of New Jersey's decision in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Based on *Lusardi* and its progeny, step one of the two-step process involves "an initial 'notice stage' determination" that the proposed members of a collective are similar enough to receive notice of the lawsuit. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). District courts are to make this notice stage determination "on the pleadings and affidavits of the parties." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019). And district courts require only substantial allegations that the putative collective members were the "victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Step two occurs much later, after all discovery is complete and usually after the defendant moves to decertify. At step two, with the benefit of full discovery, district courts make a second and final determination, using "a stricter standard," about whether the named plaintiffs and opt-ins are similarly situated. *Id.* at 1102-03. If the opt-ins are not similarly situated to the named plaintiffs, courts must dismiss the opt-in employees.

Defendants, by contrast, argue that the *Lusardi* test is inappropriate as it has no basis in FLSA's statutory language. Defendants point to the Fifth Circuit's recent decision in *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021), which held that the two-step determination is contrary to FLSA's statutory language. In the Fifth Circuit's view, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated'" and then should "authorize preliminary discovery accordingly." *Id.* at 441. Proceeding in this way "aids the district court in

deciding whether notice is necessary" and ensures that any notice is "sent only to potential plaintiffs." *Id.* at 442. Proceeding in this way also prevents "the opportunity for abuse" caused by the *Lusardi* approach which "intensif[ies] settlement pressure no matter how meritorious the action." *Id.* at 435.

The Fourth Circuit has adopted neither the *Lusardi* test nor the Fifth Circuit's view. Rather, the Fourth Circuit has noted only that district courts have discretion to supervise the notice-giving process. *Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 144 (4th Cir. 2018). Here, the Fifth Circuit's approach is the better one.

It is appropriate to begin with the FLSA's text. FLSA says nothing at all about "conditional certification." *See* 29 U.S.C. § 216(b). Rather, FLSA's text makes clear that district courts must ensure that notice goes out to those who are "similarly situated" to the named plaintiffs. *Id.* The Supreme Court has cautioned that, in making the "similarly situated" determination, district courts must "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

Of course, FLSA's text does not authorize courts sending notice to those who are not "similarly situated." *See* 29 U.S.C. § 216(b). The *Lusardi* framework is therefore flawed. *Lusardi*'s fundamental premise is that, at step one, notice should be sent to a broad group of potential collective members. As commonly occurs, that group will include some members who are not, in fact, "similarly situated" to the named plaintiffs. Under *Lusardi*, the district court can dismiss these members from the action only at step two. But by encouraging courts to send notice to a broad group of potential collective members at step one, *Lusardi* frequently necessitates that notice will be sent at least to some people who are not "similarly situated" to the named plaintiffs.

5

Such a procedure is in direct contravention of FLSA's text which authorizes notice *only* to those who are "similarly situated" to the named plaintiff.

The correct approach then, as noted by the Fifth Circuit, is the one authorized by FLSA's text. Courts must determine, at the outset, whether a proposed collective is "similarly situated" to the named plaintiffs. To make this determination, courts may require limited discovery, targeted only at the factual and legal considerations needed to make the "similarly situated" determination. *Swales*, 985 F.3d 430, 438 (5th Cir. 2021) (noting that district courts should authorized discovery limited to the factual and legal considerations needed to make the "similarly situated" determination).

Here, it is appropriate to authorize limited discovery. At the hearing on April 7, 2023, the parties were ordered to meet and confer regarding a proposed limited discovery plan. Based upon the parties' agreement, discovery will be ordered as outlined below. Plaintiff's request for broad electronic discovery, however, is premature at this stage; discovery here is designed only to aid in determining whether plaintiff is similarly situated to her proposed collective.

Accordingly, for the reasons stated above, and for good cause shown,

It is hereby **ORDERED** that plaintiff's Motion to Conditionally Certify a Collective (Dkt. 18) is **DENIED.**

It is further **ORDERED** that the parties are directed to conduct limited discovery, to be completed by **May 26, 2023**, as follows:

- All discovery shall be limited to the facts material to determining whether a group of individuals is similarly situated under 29 U.S.C. § 216(b), and the relevant time period for such discovery shall be April 2020 to present.

- Plaintiff Mathews, and declarants Matt Stevens and Tim Weaver, shall each provide:
    - Schedule Cs and W-2s relating to each year they performed services for either Defendant.

- o Any employment contract, offer letter, or other agreement relating to any employment, freelance work or other independent contractor services they performed during the relevant period.

- o A deposition, lasting no more than three hours.

- Defendants shall provide:

  - o All Independent Contractor or Work for Hire agreements for each of the Independent Contractor Site Editors, including all exhibits/attachments. Defendants shall redact contact information from all agreements produced. However, the Site Editors' names and Wire Sites will not be redacted.

  - o Any policy documents which are generally applicable to Independent Contractor Site Editors. This includes but is not necessarily limited to: (i) training and orientation documents; writing style guides; search engine optimization training documents; policies of procedure for accessing or posting on the Wire Sites; codes of conduct.

  - o An organizational chart (to the extent one exists) relating to USA Today Sports Media Group.

  - o A 30(b)(6) deposition of Defendant USA Today Sports Media Group, LLC., lasting no more than three hours.

  - o A deposition of Neal Coolong, lasting no more than three hours.

- The Parties agree to provide to opposing counsel any documents—not already produced in discovery—that will be used in any deposition at least 48 business hours in advance of the deposition.

It is further **ORDERED** that plaintiff's Motion for Collective Designation shall be filed no later than **June 12, 2023**.

It is further **ORDERED** that defendants' opposition to plaintiff's Motion for Collective Designation shall be filed no later than **July 7, 2023**.

It is further **ORDERED** that plaintiff's reply in further support of the Motion for Collective Designation shall be filed no later than **July 21, 2023**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
April 14, 2023

/s/

**T. S. Ellis, III**
**United States District Judge**

7